**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-51290
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACINTO ANALCO-GATICA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1789-ALL

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jacinto Analco-Gatica (Analco) was convicted of illegal reentry after deportation and was sentenced to 37 months of imprisonment and three years of supervised release.

Analco argues on appeal that his sentence, which was within the advisory guidelines sentencing range, was greater than necessary to meet the sentencing goals established in 18 U.S.C. § 3553(a)(2). He contends that his sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore substantively unreasonable because the illegal reentry Guideline (1) is not based on empirical data, (2) does not take into account the unusual circumstances surrounding his offense, (3) overstates the seriousness of his offense, and (4) does not properly account for his personal history.

Because Analco did not object to the reasonableness of his sentence in the district court and because he received the within-guidelines sentence that he had requested, the reasonableness of his sentence should be reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

The record demonstrates that the district court considered the § 3553(a) factors to determine that Analco's sentence was sufficient but not greater than necessary to achieve the goals of § 3553(a)(2). Furthermore, as to Analco's assertion that the illegal reentry Guidelines are not based on empirical data, "[i]n appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, [this court] will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based." *United States v. Mondragon-Santiago,* 564 F.3d 357, 367 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). Analco has failed to rebut the presumption of reasonableness that we apply to a within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). As a result, he has not shown that the district court committed plain error by imposing an unreasonable sentence. *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.